IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred C. Clark,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-24-08123-PCT-JJT (MTM)<br><br>**ORDER** |

    Before the Court is the Report and Recommendation (Doc. 24, R&R) submitted by United States Magistrate Judge Michael T. Morrissey recommending that the Court reverse the Commissioner's decision denying Plaintiff's application for disability insurance benefits and remand this case to the Social Security Administration for further proceedings. Plaintiff pressed for reversal of the Commissioner's decision on two separate bases: (1) that the Administrative Law Judge (ALJ), whose decision became the Commissioner's decision, erroneously rejected the medical assessment of Plaintiff's chiropractor and (2) that the ALJ erroneously rejected Plaintiff's symptom testimony. Judge Morrissey agreed that the ALJ committed reversible error by invalidly disregarding the opinion of Plaintiff's chiropractor, and Judge Morrissey recommended reversal and remand on this basis. However, Judge Morrissey found that the ALJ committed either no error or only harmless error with respect to Plaintiff's symptom testimony. Plaintiff has filed an Objection (Doc. 25, Objection) that contests (1) the R&R's nonacceptance of the symptom-

testimony argument and (2) the R&R's suggestion that Court remand this case for further proceedings rather than for an immediate award of benefits. The Commissioner filed a reply (Doc. 26) conceding that the rejection of the chiropractor's medical opinion was error meriting remand but arguing that both of Plaintiff's objections ought to be overruled. The Court addresses Plaintiff's two assignments of error in turn.

**I.    Symptom Testimony**

The R&R discussed the ALJ's treatment of Plaintiff's symptom testimony in a thoroughgoing analysis spanning five pages. In brief, Judge Morrissey concluded that the ALJ's rejection of Plaintiff's symptom testimony was not erroneous, as such testimony conflicted with the record evidence of Plaintiff's daily activities and because evidence of partial symptom improvement contradicted some of Plaintiff's testimony, thereby rendering that portion of the testimony directly suspect and impugning the credibility of the remainder. (R&R at 9–14.) Plaintiff argues that the ALJ failed to demonstrate that Plaintiff's daily activity level is commensurate with the demands of work. (Objection at 3–5.) Plaintiff presented this same argument to Judge Morrissey, who wrote as follows.

> Here, the ALJ found that in May 2021, Plaintiff was evaluated by his treating psychiatrist who noted that Plaintiff's typical day included: handling his own activities of daily living; going to his doctors' appointments; doing his share of housekeeping, chores, and cooking; driving with his wife; and sharing the handling of money. (AR at 25, citing AR 890.) The ALJ noted that one year later, in May 2022, there was no change in Plaintiff's typical day, continuing the same activities as before. (AR at 29, citing AR 2323.)
>
> Plaintiff argues this is an insufficient reason to reject his symptom testimony as the ALJ failed to show that these activities necessarily equate to the ability to sustain work. However, even if the evidence is not clear on how long or often Plaintiff performed his daily activities, as long as the ALJ's determination is reasonable, it is not the Court's role to second-guess it. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (holding that, even when record was equivocal about how long and often plaintiff engaged in daily activities, because ALJ's interpretation was reasonable the court would not second-guess it). Thus, the Court finds that the ALJ provided a reasonable determination setting forth specific reasons based on substantial evidence in finding that Plaintiff's daily activities were not consistent with Plaintiff's allegations of generally disabling symptoms.

- 2 -

(R&R at 12.) Plaintiff's argument is, essentially, that the ALJ failed to affirmatively prove that daily activities of living, attending doctors' appointments, housekeeping, chores, cooking, driving, and handling money are in the aggregate equivalent to work. This argument is unavailing on the specific facts of the instant case.

Here, it proceeds from common sense and common experience that Plaintiff's level of activity is approximately equivalent to that of a job. It is true that the Ninth Circuit has repeatedly found that the performance of various activities of daily living is *not* inconsistent with a status of disability. However, such findings are always highly fact-specific. For example, in *Garrison v. Colvin*, 759 F.3d 995, 1015–16 (9th Cir. 2014), the Ninth Circuit wrote that "the ALJ erred in finding that these activities, if performed in the manner that [the plaintiff] described, are inconsistent with the pain-related impairments that [the plaintiff] described in her testimony." However, in the immediately preceding paragraph, the Ninth Circuit held that the ALJ "mischaracterized" the plaintiff's activities of "talking on the phone, preparing meals, cleaning her room, and helping to care for her daughter." *Id.* The appellate court wrote that the plaintiff "repeatedly emphasized that in performing many daily tasks, including caring for her daughter, she was heavily assisted by her mother. She also made clear that she is regularly prohibited by her pain from engaging in activities such as doing laundry, picking up her daughter, and carrying bags that weigh more than a few pounds." *Id.* In the case at bar, Plaintiff offers no argument or citation to the record demonstrating that the ALJ or Judge Morrissey inaccurately described Plaintiff's activity level. In the absence of a fact-specific contention to the contrary, the Court perceives no error in the R&R's conclusion that "the ALJ provided a reasonable determination setting forth specific reasons based on substantial evidence in finding that Plaintiff's daily activities were not consistent with Plaintiff's allegations of generally disabling symptoms." (R&R at 12.)

As quoted above, Judge Morrissey cited *Rollins* for the proposition that "even if the evidence is not clear on how long or often Plaintiff performed his daily activities, as long as the ALJ's determination is reasonable, it is not the Court's role to second-guess it."

(R&R at 12.) Additional precedent from the Ninth Circuit supports this reasoning. *See, e.g.*, *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) ("In considering [the plaintiff's] testimony regarding her daily living, the ALJ explained that her daily activities suggest that she is quite functional. She is able to care for her own personal needs, cook, clean and shop. She interacts with her nephew and her boyfriend. She is able to manage her own finances and those of her nephew. Although the evidence of [the plaintiff's] daily activities may also admit of an interpretation more favorable to [the plaintiff], the ALJ's interpretation was rational, and we must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." (Internal citations, quotations, and alterations omitted.)). The Court finds the R&R's conclusion especially reasonable where, as here, Plaintiff's activity level was only one of several sources of inconsistency with his symptom testimony. As noted, Judge Morrissey also concluded that the record evidence of symptom improvement conflicted with portions of Plaintiff's testimony. The Court turns to that issue now.

   Plaintiff's argument on the question of improvement is similar to his argument regarding activity levels. In essence, Plaintiff contends that the ALJ erred by not affirmatively proving that Plaintiff's shoulder and back improvements were lasting, as opposed to temporary. (Objection at 6.) But, in his opening brief to Judge Morrissey, Plaintiff offered neither a logical argument nor a citation to the record indicating that the improvement was temporary. (*See* Doc. 18 at 23–24.) There, as here, his argument was simply that the ALJ did not proactively show that the improvements reflected in the record were in fact lasting. That argument is unpersuasive. Where, as here, there is clear evidence of improvement and Plaintiff fails to countermand it with evidence of subsequent deterioration, it is reasonable for the ALJ to find that the improvement was lasting. The Court thus finds no error in the R&R's conclusion that "it was rational for the ALJ to find that some of Plaintiff's complained-of symptoms were improved with treatment and to discount his credibility partly on that basis." (R&R at 13.) The Court will therefore overrule Plaintiff's first assignment of error.

**II.     Appropriate Remedy**

As noted, Judge Morrissey found that the ALJ's rejection of Plaintiff's chiropractor's medical testimony was reversible error, and neither party objects to that conclusion. However, Plaintiff does object to the remedy recommended by Judge Morrissey. Pursuant to the credit-as-true rule, an immediate award of benefits is appropriate if "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. Plaintiff argues that the credit-as-true rule is met here because "any new evidence provided at the remand hearing that is dated after the date last insured will not directly relate to the ALJ's erroneous analysis of [Plaintiff's chiropractor's] assessments of [Plaintiff's] work-related limitations." (Objection at 3.) The validity of that assertion is of no import. Even if Plaintiff is correct that there will be no need for consideration of additional evidence upon remand, Plaintiff has offered no meaningful objection to Judge Morrissey's conclusion that "it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated using the correct standards." (R&R at 15.) Therefore, the Court agrees with Judge Morrissey's recommendation that the appropriate remedy is a remand with instructions that "the ALJ shall give further consideration to the previously submitted medical evidence and continue the sequential evaluation process to determine whether Plaintiff is in fact disabled." (R&R at 15.)

**IT IS THEREFORE ORDERED** overruling Plaintiff's Objections (Doc. 25) and adopting the reasoning and conclusions of the R&R (Doc. 24).

**IT IS FURTHER ORDERED** reversing and remanding the final decision of the Commissioner for further proceedings consistent with this Order.

. . .

. . .

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and terminate this matter.

Dated this 18th day of August, 2025.

_____
Honorable John J. Tuchi
United States District Judge

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and terminate this matter.

Dated this 18th day of August, 2025.

_____
Honorable John J. Tuchi
United States District Judge